Christopher M. Curran (*pro hac vice*)
Email: ccurran@whitecase.com
J. Mark Gidley (*pro hac vice*)
Email: mgidley@whitecase.com
Martin M. Toto (*pro hac vice*)
Email: mtoto@whitecase.com
John H. Chung (*pro hac vice*)
Email: jchung@whitecase.com
WHITE & CASE
1155 Avenue of the Americas
New York, NY 10036
Telephone: (212) 819-8200
Facsimile: (212) 354-8113

*Attorneys for Toshiba Corporation, Toshiba Mobile Display Co., Ltd., Toshiba America Electronic Components, Inc., and Toshiba America Information Systems, Inc.*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| IN RE: TFT-LCD (FLAT PANEL) ANTITRUST LITIGATION | Master File No.: 3:07-md-01827 SI<br>MDL No. 1827 |
| This Document Relates to:<br><br>*Best Buy Co., Inc., et al. v. AU Optronics Corp., et al*, Case No. 10-CV-4572 SI,<br><br>*Best Buy Co., Inc., et al. v. Toshiba Corp., et al.*, Case No. 12-CV-4114 SI,<br><br>*Eastman Kodak Co. v. Epson Imaging Devices Corp., et al.*, Case No. 10-CV-5452 SI,<br><br>*Target Corp., et. al.*, v. *AU Optronics Corp., et al.*, Case No. 10-CV-4945 SI | **DEFENDANTS' MOTION *IN LIMINE* NO. 16 TO ADMIT DISPLAYSEARCH REPORTS**<br><br>**ORAL ARGUMENT REQUESTED**<br><br>Date: July 9, 2013<br>Time: 9:00 a.m.<br>Dept: Courtroom 10, 19th Floor<br>Judge: Hon. Susan Illston |

**PLEASE TAKE NOTICE THAT** on July 9, 2013, at 9:00 a.m., or as soon thereafter as the matter may be heard, in the United States District Court for the Northern District of California, San Francisco Division, Defendants will and hereby do move the Court for an order finding that DisplaySearch reports are admissible into evidence.

# TABLE OF CONTENTS

**Page**


INTRODUCTION ....................................................................................................1

ARGUMENT ........................................................................................................1

I. DisplaySearch Reports Fall Within the Market Report Exception to the Hearsay Rule Because They Are Data Compilations Generally Relied on by Persons in the Flat-Panel-Display Industry........................................................1

II. DisplaySearch Reports Are Admissible under the Residual Exception of Rule 807..........................................................................................................3

CONCLUSION.....................................................................................................4

## TABLE OF AUTHORITIES

**Page(s)**

### FEDERAL CASES

*BoDeans Cone Co., L.L.C. v. Norse Dairy Sys., L.L.C.*, 678 F. Supp. 2d 883 (N.D. Iowa 2009) .......... 3-4

*Conoco Inc. v. Dept't of Energy*, 99 F.3d 387 (Fed Cir. 1996) .......... 3

*Ellis v. Int'l Playtex, Inc.*, 745 F.2d 292 (4th Cir. 1984) .......... 3

*Global Computer Enters., Inc. v. United States*, 88 Fed. Cl. 52 (Fed. Cl. 2009) .......... 3

*Point Ruston, LLC v. Pac. Nw. Reg'l Council of United Bros. of Carpenters & Joiners of Am.*, No. C09-5232BHS, 2010 WL 3720277 (W.D. Wash. Sept. 17, 2010) .......... 1

*United States v. Woods*, 321 F.3d 361 (3d Cir. 2003) .......... 1

### FEDERAL RULES OF EVIDENCE

Fed. R. Evid. 803 .......... 1, 3

Fed. R. Evid. 807 .......... 1, 3, 4

## INTRODUCTION

The firm "DisplaySearch" publishes market research reports that analyze and track the flat-panel-display industry and are widely relied on by participants in the industry. Defendants included many of these and other market reports on their Joint Exhibit List and intend to seek their introduction at trial. *See, e.g.*, Ex. A to Declaration of John H. Chung in Support of Defendants' Motion *in Limine* No. 16 to Admit DisplaySearch Reports ("Chung Decl.") (sample DisplaySearch report). Plaintiffs have objected to these reports on hearsay grounds. Chung Decl. ¶ 3. Over the course of trial, the jury will hear numerous references to DisplaySearch reports reviewed by the Defendants and by the Plaintiffs during the relevant period. The jury should have an opportunity to review these reports and see the information that they contain. Defendants hereby move for an order finding that these reports fall within the "Market Report" exception to the hearsay rule under Rule 803(17) of the Federal Rules of Evidence, or alternatively under Rule 807.

## ARGUMENT

### I. DisplaySearch Reports Fall Within the Market Report Exception to the Hearsay Rule Because They Are Data Compilations Generally Relied on by Persons in the Flat-Panel-Display Industry

Rule 803(17) provides that "market quotations, lists, directories, or other compilations that are ***generally relied on*** by the public or ***by persons in particular occupations***" (emphasis added) will not be excluded by the rule against hearsay, regardless of whether the declarant is available as a witness. Courts have found that this exception applies to market research reports like those published by DisplaySearch. *See United States v. Woods*, 321 F.3d 361, 364 (3d Cir. 2003) (finding a government database report fell within the Market Report exception because the database was "accepted and relied upon by those in the industry"); *Point Ruston, LLC v. Pac. Nw. Reg'l Council of United Bros. of Carpenters & Joiners of Am.*, No. C09-5232BHS, 2010 WL 3720277, at *4 (W.D. Wash. Sept. 17, 2010) (finding that reports relied on by hoteliers fell within the Market Report exception and noting that comments to the Rule detail that the "basis of trustworthiness is general reliance" by a particular segment of the public).

The DisplaySearch reports at issue are published reports of objective data from the flat-panel-display industry. Such data is compiled by expert analysts who survey industry participants

and track the production, shipment and sales of display products. DPP Trial Tr. at 3063:10-3064:3, 3071:17-25, MDL Dkt. No. 5970 (June 21, 2012) (Paul Semenza (DisplaySearch)) (attached as Ex. B to Chung Decl.); Dep. of Paul Semenza (DisplaySearch) at 136:6-16 (May 11, 2011). In order for the data within the reports to be used here, it must come from the compiled reports, as the task of finding each analyst who assisted in gathering the data and drafting these reports would be impossible.

DisplaySearch reports are generally relied upon by participants in the display industry, including employees of the Plaintiffs who sold and marketed TFT-LCD products. For example, over 100 witnesses in this MDL alone testified about DisplaySearch, including 18 experts, and 10 Plaintiff witnesses. Persons who worked in the flat-panel-display industry regularly relied on, referenced and used data from market research reports issued by DisplaySearch. Best Buy, Kodak and Target Retailer witnesses all testified that they received, used and relied on reports from DisplaySearch. *See* Dep. of Fred Harris (Best Buy) at 224:16-227:20 (Nov. 10, 2011); Dep. of Jason Bonfig (Best Buy) at 182:13-22 (Nov. 15, 2011); Dep. of Kevin Winneroski (Best Buy) at 173:21-174:11 (May 2, 2013); Dep. of Kevin Winneroski (Best Buy) at 114:3-13 (Jan. 19, 2012); Dep. of Jonathan Zupnick (Sears) at 75:8-17 (Nov. 29, 2011); Dep. of Randy Gu (Kodak) at 98:11-99:5, 118:2-119:11, 160:2-10, 165:5-11 (Feb. 1, 2012). Defendants' employees also relied on flat-panel-display market reports. DPP Trial Tr. at 2475:11-22, MDL Dkt. No. 5949 (June 18, 2012) (Clayton Bond (TAEC)) (attached as Ex. B to Chung Decl); DPP Trial Tr. at 3062:16-25, MDL Dkt. No. 5970 (June 21, 2012) (Paul Semenza (DisplaySearch)) (AUO, LG and Toshiba were DisplaySearch customers) (attached as Ex. B to Chung Decl.).

In a case where Plaintiffs' and Defendants' experts seemingly disagree on most everything, it is notable that most of them rely on DisplaySearch data to inform their analyses. Plaintiffs' experts testified that they used and relied on data from DisplaySearch reports to reach their conclusions and write their reports. *See* Dep. of Douglas Bernheim at 79:20-80:11, 409:6-410:18 (Jan. 30-31, 2012); Dep. of Leslie Marx at 47:10-48:7, 76:3-78:2, 142:3-11, 182:3-24, 321:12-14, 327:15-25, 542:1-547:16 (Feb. 7, 2012; June 11, 2012) (admitting to using DisplaySearch market share data). Plaintiffs' expert Leslie Marx testified that she is confident that DisplaySearch data is reliable. *See*

Dep. of Leslie Marx at 556:4-9 (June 11, 2012). Faced with the endorsement of Defendants' data by their own fact and expert witnesses, Plaintiffs cannot now do an about-face and argue that such reports are unreliable hearsay.

Additionally, "[s]urvey and poll data have repeatedly been admitted under an exception to the rule against hearsay [Rule 803(17)]." *Ellis v. Int'l Playtex, Inc.*, 745 F.2d 292, 303 n. 10 (4th Cir. 1984) (finding that statistical conclusions in scientific studies based on patient interviews meet the exception and will not be denied admission into evidence on hearsay grounds). Moreover, some courts have held that reports which fall within the Rule 803(17) exception are those for which publishers "stake their business or public reputations on the accuracy of the summaries." *Global Computer Enters., Inc. v. United States*, 88 Fed. Cl. 52, 71 (Fed. Cl. 2009) (citing *Conoco Inc. v. Dept't of Energy*, 99 F.3d 387, 393 (Fed Cir. 1996)). According to its website, DisplaySearch prepares reports with the view that these reports will be relied on by industry participants for their accuracy, and it is the reports' accuracy that ensures subscribers continue to purchase those reports. Ex. C to Chung Decl. ("At NPD DisplaySearch, we rigorously and aggressively cover the display industry to ensure that our clients are receiving the most accurate data available. We take a deep, end-to-end approach that analyzes each point in the supply chain and verifies it from multiple angles. By surveying both the buyer and the seller of all products we cover, we empower our clients with knowledge that is reliable, actionable and unbiased."). DisplaySearch's Senior Vice President of Analyst Services also notes that accuracy of the data in DisplaySearch reports is key to keeping subscribers and running the DisplaySearch business. Dep. of Paul Semenza (DisplaySearch) at 71:12-72:21 (May 11, 2011).

## II. DisplaySearch Reports Are Admissible under the Residual Exception of Rule 807

Rule 807 provides that a statement is not excluded by the rule against hearsay even if the statement does not fall within a specific exception to the hearsay rule if: "(1) the statement has equivalent circumstantial guarantees of trustworthiness; (2) it is offered as evidence of a material fact; (3) it is more probative on the point for which it is offered than any other evidence that the proponent can obtain through reasonable efforts; and (4) admitting it will best serve the purposes of these rules and the interests of justice." Fed. R. Evid. 807; *see also BoDeans Cone Co., L.L.C. v.*

*Norse Dairy Sys., L.L.C.*, 678 F. Supp. 2d 883, 904 (N.D. Iowa 2009) (finding surveys sufficiently trustworthy and admissible under Rule 807 because the surveys "were conducted by a sophisticated market-research firm using appropriate methodology").

As discussed above, DisplaySearch reports meet the criteria of Rule 807 as well by providing reliable, factual data that cannot be obtained through other reasonable means. Admitting these reports will serve the purposes of the Federal Rules of Evidence and the interests of justice because there is no real question about their reliability. Any criticisms that Plaintiffs may have of the data that is contained within DisplaySearch reports can be elicited by Plaintiffs on cross-examination and should not be a bar to admission of those reports as evidence.

**CONCLUSION**

For the foregoing reasons, Defendants request that the Court issue a finding that DisplaySearch market research reports are admissible into evidence.

WHITE & CASE

DATED: June 18, 2013

By: /s/ Christopher M. Curran

Christopher M. Curran (*pro hac vice*)
Email: ccurran@whitecase.com
J. Mark Gidley (*pro hac vice*)
Email: mgidley@whitecase.com
Martin M. Toto (*pro hac vice*)
Email: mtoto@whitecase.com
John H. Chung (*pro hac vice*)
Email: jchung@whitecase.com
WHITE & CASE
1155 Avenue of the Americas
New York, NY 10036
Telephone:(212) 819-8200
Facsimile: (212) 354-8113

*Attorneys for Toshiba Corporation, Toshiba Mobile Display Co., Ltd., Toshiba America Electronic Components, Inc. and Toshiba America Information Systems, Inc.*

**MUNGER, TOLLES & OLSON LLP**

By: *\/s/ Jerome C. Roth*
JEROME C. ROTH

Brad D. Brian (State Bar No. 079001)
Stuart N. Senator (State Bar No. 148009)
Truc T. Do (State Bar No. 191845)
MUNGER, TOLLES & OLSON LLP
355 South Grand Avenue
Los Angeles, CA 90071-1560
Telephone: (213) 683-9100
Facsimile: (213) 687-3702
*Brad.Brian@mto.com*

Jerome C. Roth (State Bar No. 159483)
MUNGER, TOLLES & OLSON LLP
560 Mission Street
San Francisco, CA 94105-2907
Telephone: (415) 512-4000
Facsimile: (415) 512-4077
*Jerome.Roth@mto.com*

*Attorneys for Defendants LG Display Co., Ltd. and LG Display America, Inc.*

**NOSSAMAN LLP**

By: /s/ *Carl L. Blumenstein*
CARL L. BLUMENSTEIN

Christopher A. Nedeau (SBN 81297)
Carl L. Blumenstein (SBN 124158)
Farschad Farzan (SBN 215194)
Natasha A. Saggar Sheth (SBN 282896)
NOSSAMAN LLP
50 California Street, 34th Floor
San Francisco, California 94111
Telephone: (415) 398-3600
Facsimile: (415) 398-2438
cnedeau@nossaman.com
cblumenstein@nossaman.com
ffarzan@nossaman.com
nsaggarsheth@nossaman.com

*Attorneys for Defendants AU Optronics Corporation and AU Optronics Corporation America*

**FREITAS TSENG & KAUFMAN LLP**

By: /s/ *Robert E. Freitas*
ROBERT E. FREITAS

Robert E. Freitas (SBN 80948)
Jason S. Angell (SBN 221607)
Jessica N. Leal (SBN 267232)
FREITAS TSENG & KAUFMAN LLP
100 Marine Parkway, Suite 200
Redwood Shores, California 94065
Telephone: (650) 593-6300
Facsimile: (650) 593-6301
rfreitas@ftklaw.com
jangell@ftklaw.com
jleal@ftklaw.com

*Attorneys for Defendants HannStar Display Corporation*

Attestation:

The filer of this document attests that the concurrence of the signatories thereto has been obtained.